Ruffin, C. J.
 

 The objections will be most conveniently disposed of, by first considering those to the indictment. It is certainly necessary the indictment should shew, that the false oath vas taken in a judicial proceeding, and, in, order thereto, it must shew a matter pending in some.' Court having competent jurisdiction,, and held by a person authorised to do so. •
 

 Those matters must be truly laid, because the proof' must establish them in order to constitute the imputed Perjury. Here, the indictment lays the trial of a certain suit in the Superior Court of Lav for Yancy County, at a certain term of that Court, which was held on the 2d Monday after the 4th Monday of Juno, 1845, by and before Judge Caldwell, one of the Judges of the Superior Courts of Lav for the State, and lays the Perjury to have been committed on that trial. This ve hold to be sufficient. The act of 1842, c. 49, (being the act of 1791,
 
 b.
 
 7, re-enacted,) expressly makes it sufficient for the indictment to sot forth “ by,what Court, or before whom the oath vas taken, (averring such Court or person to have competent authority to administer the same,) without setting forth any part of any record, and without setting forth the commission or authority of the Court or person before whom the Perjury was committed.” There is no doubt, that on the trial the evidence must establish, that the particular Court was held, and duly hold, at the time
 
 *8
 
 and place, and by the person or persons stated in the indictment. How those facts are to be proved is another question, which is hereafter to be considered. Wo are at present enquiring, whether there are adequate aver-ments on those points in the indictment. We think there are. For the indictment is according to the precedents under the act of 1791, and the Statute 23 Geo: 2, ch. 11, from which ours was taken, mentioning the Court, the term, and the Judge presiding therein. That would not be contested, had the term been an ordinary semi-annual term, held on the day designated in the public statute.— But the Court was held on this occasion, byway of special term, under the “ Act for the more speedy administration of justice,” 1842, c. 16; and it seems to have been supposed, that makes a difference. The act provides, that, Avlien the business of a Superior Court cannot be done at the regular term, the Judge holding the Court may, by an order made at the regular term next preceding, appoint a special term, which shall be held at the time appointed, and all civil causes may be tried under the same rules as are prescribed for holding the regular terms of the Court. The Judge, appointing a sjoecial term, is required to notify the Governor of it, and it is the duty of the Governor to designate one of the Judges (other than the one appointing the. special term,) to hold the Court, and notify the Judge of his appointment. And the act provides, that witnesses, suitors, and officers of the Court shall attend at the time appointed, as at a regular term of the Court. This is the whole scope of the act. It creates no new Court, but it is still the Superior Court of Law, held by a Judge of the Superior Courts of Law, and having the same jurisdiction in trying civil actions. It is true, there is to be a special term of the Court; but that does not change the style of the Court. It is clear, too, that the special term is not a part of the preceding regular term, continued by adjournment from the regular term, and to ,be so stated in pleading. It is an original term, and is
 
 *9
 
 properly stated as beginning on such a day, since the act .distinguishes it from that at which it was ordered, by .calling the one the special term of the Superior Court, and the other the “ preceding term.” The Court is therefore properly described in the indictment, and the particular term is sufficiently shewn by the period at which it is stated to have been held.
 

 Nor was it necessary the indictment should set forth, that the Judge was designated by the Governor to hold the Court; for that comes within the reason, if. not the words, of the act, dispensing with a statement of the Judge’s commission. The truth is, however, that such designation or appointment is not in the nature of a special commission or authority to hold a Court created by the act; but the powers of the Judge are derived from his election and commission, as a Judge of the Superior Courts, and the designation, directed by the act, serves only to make it the duty of the particular Judge to hold the particular term. This is clear from the provisions of the Constitution, which allows the Governor to commission only Judges appointed by the General Assembly, or, temporarily, those appointed by himself with the advice of the Council of State. The provision of the act of 1842, c. 16, is nothing more than a mode by which the Judge is assigned to the duty of holding a particular term of a Superior Court by the Governor, as the Judges were formerly to their circuits, and as they are now allotted to the circuits by themselves. Such an allotment was never stated in any indictment for Perjury, nor, indeed, proved on the trial. All persons must take notice of the judicial character of the persons who are the Judges of the highest Courts of original jurisdiction, civil and criminal,
 
 State
 
 v.
 
 Kimborough, 2
 
 Dev. 431. It is therefore sufficient, that the indictment should set forth á Superior Court of Law, held by one of the Judges of those Courts ; because that constitutes a tribunal of competent jurisdiction.
 

 
 *10
 
 The motion in arrest of judgment was, therefore, properly over-ruled.
 

 The preceding observations will have served in a great degree to shew, that the Court also thinks the conviction was on sufficient evidence. In reference to the Judge’s commission, we have already said, upon authority, that his official character is to be judicially noticed. There can be no such absurdity in the law, as that the Judge, who by the general law and a permanent commission, holds a Superior Court, is to listen to evidence, that he is the Judge of the Court. The record made by him establishes to those who succeed him, that he held the Court at the terms at which, according to the purport of the record, he appears to have held them. Besides, even in the case of an inferior officer, it is sufficient, in the first instance, to establish his capacity, for example, to administer the oath, that he was acting as an officer that legally hath such capacity.
 
 Rex
 
 v. Verelst, 3 Camp. 432; 4 Term R. 366,
 

 As to the other point, that it was not shewn by the record that there had been an order for a special term, it might be sufficient to answer, that the prisoner admitted the fact. He expressly admitted, that the special term was held and by Judge Caldwell, which, under the circumstances, must be deemed to be an admission of a lawful special term. By dispensing with the reading of the records, every thing is to be inferred,- that could have been established by the records. But, in reality, no such proof was requisite. As a Superior Court, the regularity of its proceedings in point of time, as in other things, is to be presumed, unless the contrary appear. Inasmuch as the special term might lawfully be held, the fact that it was held on a particular day, at the proper place, establishes, at least
 
 prima facie,
 
 that it was the due and proper time for holding it. We cannot assume, that the special term was held whén none was ordered, nor that it was held at a different time from that ordered.
 

 
 *11
 
 The Court is of opinion, that there is no error in the judgment-; and directs it to be so certified to the Superior Court.
 

 Pee Curiam. Ordered to be,certified accordingly;